IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

EZINE D. ANDERSON,

    **Plaintiff,**

vs.                                      No. 04-2418 Ma V

SCHNUCK MARKETS, INC,

    **Defendant.**

## AGREED PROTECTIVE ORDER

**CAME THE PARTIES** and advised the Court that, in recognition that any and all information or data concerning, reflecting or pertaining to the security and operating budgets of defendant Schnuck Markets, Inc. ("Schnucks") is proprietary in nature, they have agreed and consented to the entry of this order protecting the confidentiality of all records, documents and information, including deposition testimony, produced or given by Schnucks or any employee or agent of Schnucks, concerning, reflecting or pertaining to any and all budgetary information as to the Schnucks store on Shelby Drive, where the incident giving rise to this litigation occurred, or as to Schnucks' generally. Accordingly, the parties hereby agree:

1. Any records, documents or information of any kind relating to or containing budget, financial and proprietary trade secrets, including deposition testimony (hereinafter "budgetary information"), produced or given by Schnucks through its agents and employees or through Schnucks' counsel of record in response to formal requests for discovery, including notices of depositions, to or for the benefit of plaintiff, shall be treated by plaintiff and his attorneys and experts, consulting or testifying, as confidential.

2. No budgetary information shall be shared with, given or sent to, or reviewed or read by any person, including corporations, other than plaintiff (excluding members of plaintiff's family, who are expressly prohibited from having access to the budgetary information), plaintiff's attorneys or their assistants and paralegals, or an expert for plaintiff.

3. Plaintiff, his attorneys and Ms. Martinez shall take all reasonable steps to ensure that the confidentiality of the budgetary information is preserved, including, without limitation: The attorneys must advise plaintiff, their assistants and paralegals, and all experts retained by the attorneys for purposes of consultation or testimony of this order and its terms.

4. At the conclusion of this litigation by a final order or judgment not subject to appeal, plaintiff's attorneys shall, within a reasonable time following entry of the non-appealable order or judgment, not to exceed thirty (30) days from the entry of the order or judgment, collect from all persons to whom access of the budgetary information was allowed (except to the extent that any of the budgetary information is or is part of a trial exhibit on file with the trial court or an appellate court and thus unavailable to the attorneys) all originals and copies of the budgetary information, and he, she or they shall return to Schnucks' attorneys all such budgetary information. No person, attorneys or otherwise, shall be permitted to retain any original or copy of any such budgetary information, other than deposition transcripts; provided, however, that any deposition containing budgetary information shall remain confidential and shall not be shared with, given or sent to, or reviewed or read by any person, including corporations, unless all portions of the deposition containing confidential information are first removed or excised from the deposition transcript and any disks or other electronically generated directory (e.g. Word Perfect or Word).

6. The terms of this order specifically, but without limitation, prohibit, during the pendency of the action or after its conclusion, the sharing of any information deemed confidential under this order with any organization which maintains a database which can be accessed by or used by any member or nonmember of the organization, including, without limitation (and by way of example only), the American Trial Lawyers Association and the Tennessee Trial Lawyers Association.

AGREED TO AND APPROVED:

_____     /s/ S. Crain
Bruce S. Kramer                      with permission
Elaine E. Sheng                      7-11-05
Attorneys for Plaintiff

_____
Sam L. Crain, Jr.
David E. Goodman, Jr.
Attorneys for Schnucks

IT IS SO ORDERED THIS 12th DAY OF JULY, 2005.

_____
Diane K. Vescovo
UNITED STATES MAGISTRATE JUDGE

3

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 46 in case 2:04-CV-02418 was distributed by fax, mail, or direct printing on July 14, 2005 to the parties listed.

---

Elaine Sheng
BOROD & KRAMER
80 Monroe Ave.
Ste. G-1
Memphis, TN 38103

Bruce S. Kramer
BOROD & KRAMER
80 Monroe Ave.
Ste. G-1
Memphis, TN 38103

David E. Goodman
BURCH PORTER & JOHNSON
130 N. Court Avenue
Memphis, TN 38103

Samuel L. Crain
BURCH PORTER & JOHNSON
130 N. Court Avenue
Memphis, TN 38103

Julian Taylor Bolton
THE COCHRAN LAW FIRM
One Commerce Square
26th Floor
Memphis, TN 38103

Danese K. Banks
COCHRAN CHERRY GIVENS SMITH & BOLTON
One Commerce Square
Ste. 2600
Memphis, TN 38103

Honorable Samuel Mays
US DISTRICT COURT