IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

EZINE D. ANDERSON,

    Plaintiff,

vs.                                No. 04-2418 Ma V

SCHNUCK MARKETS, INC.,

    Defendant.

---

**ORDER GRANTING MOTION OF DEFENDANT FOR LEAVE TO RECONVENE PLAINTIFF'S DEPOSITION**

---

Defendant has moved the Court for an expedited order granting it leave to reconvene plaintiff's deposition. Defendant wishes to supplement the deposition for the purpose of questioning plaintiff about the apparent inconsistencies between the version of the incident he testified to in his original deposition in March of 2005, and the version of the incident he purportedly gave to a friend, James Robinson, in the hospital the morning after the incident. Defendant asserts that Mr. Robinson's deposition testimony concerning what plaintiff told him about the incident differs materially from the testimony given by plaintiff in his deposition. Defendant argues that it cannot adequately prepare for trial if it must remain uncertain as to whether plaintiff will change his testimony at trial. If plaintiff does not change his testimony concerning how the incident occurred, defendant contends that, at the very least, it is entitled to an explanation from plaintiff, if he has one, as to the contrasting version to which Mr. Robinson testified to. Although discovery was supposed to have been completed by the parties by September 13, 2005, defendant asserts that good reason exists for its inability to have taken Mr.

Robinson's deposition, and thus to have learned of the apparent inconsistencies, until October 14, 2005. Defendant seeks an expedited ruling, ~~because, defendant asserts, its security expert needs to know to what extent, if any, plaintiff intends to change his testimony concerning the incident, in order to finalize the expert's Rule 26 report, due by November 18, 2005.~~

Matters of discovery are left to the sound discretion of the district court. *Trepel v. Roadway Express, Inc.*, 194 F.2d 708, 716 (6th Cir. 1999). The district court's discretionary ruling regarding the scope or timeliness of discovery will not be disturbed on appeal unless the reviewing court is convinced that the ruling resulted in substantial unfair prejudice to the complaining party. *Id.* In this jurisdiction, parties have "extremely broad" latitude in the scope of the discovery they conduct, and district courts are granted "'broad discretion'" in matters concerning the scope of permissible discovery. *Clark Constr. Group, Inc. v. City of Memphis*, 229 F.R.D. 131, 137 (W.D. Tenn. 2005). Whether a party may take a second deposition of another party or of a non-party witness is, like all discovery matters, left to the district court's discretion. *Tramm v. Porter Memorial Hosp.*, 128 F.R.D. 666, 668 (N.D. Ind. 1989). In the absence of a showing by the party opposing the second deposition that the deposition will cause him undue expense, burden or hardship, or that he will be annoyed or embarrassed by having to submit to a second deposition, the supplemental deposition should be allowed. *Id.*

Defendant has agreed to take the supplemental deposition in plaintiff's home, or in his attorneys' offices, if either will lessen the burden or inconvenience imposed on plaintiff by the second deposition. The expense of taking the deposition will be borne by defendant. The Court finds that any annoyance plaintiff may suffer as a result of his having to submit to a second deposition on the discrete matters into which defendant wishes to inquire is outweighed by the material issues which have been raised by Mr. Robinson's deposition, and by defendant's right to

2

a fair trial, without fear of ambush. Accordingly, the Court finds that defendant's motion is well taken and should be granted.

Given the ~~November 18~~ deadline*s in this case* ~~for the report of defendant's security expert~~, defendant must be able to take the supplemental deposition forthwith. Accordingly, plaintiff is ordered to cooperate in every reasonable manner toward the end of reconvening the deposition no later than ~~November 14, 2005.~~ Wednesday, November 23, 2005, at 5:00 P.M. The deposition shall be conducted at the plaintiff's house and shall last no longer than one hour. The cost will be borne by the defendant.

IT IS SO ORDERED, THIS 8th DAY OF November, 2005.

Duane K. Oscuro
~~Samuel H. Mays, Jr., District Judge~~
U.S. Magistrate Judge



# Notice of Distribution

This notice confirms a copy of the document docketed as number 68 in case 2:04-CV-02418 was distributed by fax, mail, or direct printing on November 14, 2005 to the parties listed.

---

John J. Doody
Lewis Brisbois & Smith LLP
Water Street
New York, NY 10038

Samuel L. Crain
BURCH PORTER & JOHNSON
130 N. Court Avenue
Memphis, TN 38103

Danese K. Banks
COCHRAN CHERRY GIVENS SMITH & BOLTON
One Commerce Square
Ste. 2600
Memphis, TN 38103

Julian Taylor Bolton
THE COCHRAN LAW FIRM
One Commerce Square
26th Floor
Memphis, TN 38103

Bruce S. Kramer
BOROD & KRAMER
80 Monroe Ave.
Ste. G-1
Memphis, TN 38103

David E. Goodman
BURCH PORTER & JOHNSON
130 N. Court Avenue
Memphis, TN 38103

Jock M. Smith
THE COCHRAN FIRM
One Commerce Square
26th Floor
Memphis, TN 38103

Elaine Sheng
BOROD & KRAMER
80 Monroe Ave.
Ste. G-1
Memphis, TN 38103

Alan Kaminsky
Lewis Brisbois Bisgaard & Smith LLP
199 Water Street
New York, NY 10038

Honorable Samuel Mays
US DISTRICT COURT