IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| EZINE D. ANDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 04-2418 Ma/V |
| SCHNUCK MARKETS, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ORDER GRANTING DEFENDANT'S MOTION FOR BIFURCATED TRIAL**

Before the court is Defendant Schnuck Markets, Inc.'s ("Schnucks") Motion for Bifurcated Trial, filed on October 13, 2005. In its motion, Schnucks seeks to bifurcate the issues of liability and damages. Plaintiff Ezine D. Anderson ("Anderson") filed a response on October 28, 2005. Schnucks filed a reply on November 2, 2005. For the following reasons, Schnucks' motion is GRANTED.

Fed. R. Civ. P. 42(b) states that the court may order a separate trial of any claim or issue "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy." "Only one of these criteria need be met to justify bifurcation." Saxion v. Titan-C-Manufacturing, Inc., 86 F.3d 553, 556 (6th Cir. 1996). Whether to try issues separately under Rule 42(b) is within the district

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on _12-13-05_



court's discretion. <u>Yung v. Raymark Industries, Inc.</u>, 789 F.2d 397, 400 (6th Cir. 1986).

Factors to be considered include: (1) convenience; (2) prejudice; (3) expedition; (4) economy; (5) whether the issues sought to be tried separately are significantly different; (6) whether they are triable by jury or the court; (7) whether discovery has been directed to a single trial of all issues; (8) whether the evidence required for each issue is substantially different; (9) whether one party would gain some unfair advantage from separate trials; (10) whether a single trial of all issues would create the potential for jury bias or confusion; and (11) whether bifurcation would enhance or reduce the possibility of a pretrial settlement. <u>THK America, Inc. v. NSK Co., Ltd.</u>, 151 F.R.D. 625, 632 (N.D. Ill. 1993); <u>Kimberly-Clark Corp. v. James River Corp. of Virginia</u>, 131 F.R.D. 607, 608-09 (N.D. Ga.,1989). "Ultimately, the decision whether to bifurcate is a practical one." <u>THK America</u>, 151 F.R.D. at 633. Whether to bifurcate issues must be decided by the trial court on a case-by-case basis. <u>Yung</u>, 789 F.2d at 400.

Schnucks asserts that trial in this matter should be bifurcated because of the danger that evidence of Anderson's injuries would create such sympathy for him among the jurors that Schnucks would be prejudiced. Anderson was shot in the neck during the course of a robbery in the parking lot of a Schnucks

2

store, leaving him a quadriplegic. (Def.'s Mot. 1-2.) Before the shooting, Anderson was a college student, planning a career as an officer in the United States Army. (Id. at 2.)

The court agrees with Schnucks that evidence of Plaintiff's injuries is likely to create sympathy for him with the jurors and that it is likely that the jurors will be unable to disregard that evidence in determining liability, even though it is not relevant to that issue. Furthermore, the evidence on liability and damages is substantially different. The issue for the jury as to liability is whether Schnucks took reasonable measures to protect customers from foreseeable harm. McClung v. Delta Square Ltd. P'ship, 937 S.W. 2d 891, 899 (Tenn. 1996). That evidence will involve testimony and exhibits describing conditions at the Schnucks where Anderson was attacked and in the immediate vicinity of the store. Id. It is substantially different from the evidence about Anderson's injuries that would be presented on the issue of damages.

Anderson asserts that he will be prejudiced by bifurcation, citing statistics showing that defendants are far more likely to prevail in a bifurcated trial than in one that is not bifurcated. (Pl.'s Resp. 3.) The Sixth Circuit, however, has found that a plaintiff is not prejudiced merely because the jury is not allowed to hear evidence about his injuries in making its determination about liability. Crummett v. Corbin, 475 F.2d 816,

3

817 (6th Cir. 1973).

Therefore, Defendant's motion to bifurcate the issues of liability and damages at trial is GRANTED.

So ordered this 9th day of December 2005.

SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 74 in case 2:04-CV-02418 was distributed by fax, mail, or direct printing on December 13, 2005 to the parties listed.

---

Jock M. Smith
THE COCHRAN FIRM
One Commerce Square
26th Floor
Memphis, TN 38103

Elaine Sheng
BOROD & KRAMER
80 Monroe Ave.
Ste. G-1
Memphis, TN 38103

Bruce S. Kramer
BOROD & KRAMER
80 Monroe Ave.
Ste. G-1
Memphis, TN 38103

Alan Kaminsky
LEWIS BRISBOIS BISGAARD & SMITH LLP
199 Water Street
New York, NY 10038

David E. Goodman
BURCH PORTER & JOHNSON
130 N. Court Avenue
Memphis, TN 38103

John J. Doody
LEWIS BRISBOIS BISGAARD & SMITH LLP
199 Water Street
New York, NY 10038

Samuel L. Crain
BURCH PORTER & JOHNSON
130 N. Court Avenue
Memphis, TN 38103

Julian Taylor Bolton
THE COCHRAN LAW FIRM
One Commerce Square
26th Floor
Memphis, TN 38103

Danese K. Banks
COCHRAN CHERRY GIVENS SMITH & BOLTON
One Commerce Square
Ste. 2600
Memphis, TN 38103

Honorable Samuel Mays
US DISTRICT COURT